UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JARED MICHAEL WILLIQUETTE,

                Plaintiff,

v.

FLORENCE COUNTY WISCONSIN,
FLORENCE COUNTY SHERIFF'S
OFFICE, ERIC WINDELL, and
BENJAMIN NEUNS,

                Defendants.

Case No. 25-CV-1599-JPS

**ORDER**

**1.    BACKGROUND**

On October 17, 2025, Plaintiff Jared Michael Williquette ("Plaintiff") filed the above-captioned case, without paying the filing fee, against Defendants Florence County Wisconsin ("FCW"), Florence County Sheriff's Office ("FCSO"), Eric Windell ("Windell"), and Benjamin Neus ("Neus") (collectively, "Defendants"). ECF No. 1. To allow a plaintiff to proceed *in forma pauperis*, the Court must decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. § 1915(a), (e)(2)(B). As explained in the balance of this Order, the Court will deny Plaintiff's motion to proceed without paying the filing fee.

Because the Court determines that Plaintiff has the ability to pay the filing fee, his motion to proceed without prepayment of the filing fee will be denied and the Court will defer screening pending payment of that fee.

**2.    LEGAL STANDARD**

A party proceeding pro se may file a request to proceed without prepaying the otherwise required filing fee, otherwise known as a motion

to proceed in forma pauperis. Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997).

In making such a request, a pro se litigant must submit an affidavit including a statement of all assets possessed by the litigant as well as stating the nature of the action and the affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a). In order to qualify to proceed in forma pauperis, the pro se litigant need not be "absolutely destitute." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). In forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972).

**3. FACTS AND ANALYSIS**

In his motion, Plaintiff avers that he is unemployed due to the injuries sustained in connection with this action but has monthly income of $1,169 from social security. ECF No. 2 at 1–2, 4. In fact, Plaintiff has accrued $14,028 from social security over the last twelve months. *Id*. at 2. Plaintiff owns his car, valued at $6,000. *Id.* at 3. Plaintiff also has stock worth $635. *Id*. at 4. Plaintiff expends no money on rent or a mortgage but does expend $950 a month on credit card payments, $250 a month on other household expenses, and $100 a month on fuel. *Id* at 2–3. Plaintiff does not provide his total per-month expenditures, but using the numbers given above, that figure would come out to $1,300. *Id*. at 3–4. Plaintiff has no dependents. *Id*.

at 1. Although Plaintiff's monthly expenditures are roughly equal to his monthly income, Plaintiff's resources vastly surpass the resources available to most pro se litigants moving to proceed without prepayment of the filing fee before this Court. The Court finds that Plaintiff has sufficient resources to pay the one-time filing fee of $405.

### 4. CONCLUSION

For the reasons stated herein, Plaintiff's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is denied. As a result, Plaintiff shall pay the full $405 filing fee by **November 24, 2025**. Failure to pay the full filing fee by **November 24, 2025** will result in dismissal of Plaintiff's case without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that on or before **November 24, 2025**, Plaintiff pay the $405 filing fee; failure to pay the full filing fee by **November 24, 2025** will result in dismissal of Plaintiff's case without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail Plaintiff a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.